Annamalai Annamalai
AKA: Swamiji Sri Selvam Siddhar
**Permanent address**:
C/O A. Parvathi, Hariharan & co
243 Oppanakkara Street;
Coimbatore-641001-INDIA
E--mail: avtemple@aol.com
**Temporary mailing address:**
C/O Robert a Deyton Detention facility
11866 Hastings Bridge road,
P.O.Box-730; Lovejoy Georgia-30250

RECEIVED

APR 3 0 2021

ALEXANDRIA DIVISION
US BANKRUPTCY COURT

# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA

**In re:**

**Richard D. Fairbank**

**Debtor.**

**Case no: 16-1258 -BFK**

**Adversary case no. _____ ___**

"**Respectfully submitted to:**

**Honorable Brian F. Kenney**
**United States Bankruptcy Judge**

## Plaintiff Annamalai's "NOTICE" of conflict of interest, and an advance "Motion" for "disqualification" of certain counsels to represent the debtor Mr. Richard d Fairbank, in the interest of justice

### I.      Judicially adjudicated facts

Annamalai, the creditor respectfully moves and notices the court with the following maters to disqualify the attorneys, **Ms. Sarah Beckett Boehm , Mr. Douglas M. Foley, and the law firm, McGuire woods LLP, and their "proxy(s)"**, in any kinds of *further representations'* of the

debtor either directly and or indirectly. In support of the same the creditor Annamalai humbly
demonstrate as follows.

1. The debtor Fairbank was initially represented by, Ms. Sarah Beckett Boehm, Mr. Douglas M. Foley, and the law firm McGuire woods LLP in this action.( collectively known as "*attorneys*")

2. In the past those *attorneys* were, successfully "misguided" this court, by using Annamalai's incarcerated condition, and took advantage of such position, and patently misguide this court to get undue advantage of the law to injure the creditor Annamalai.

3. At the present time, the above stated attorneys and the law firm are in fact has been judicially adjudicated as the "**account debtors**" of creditor Annamalai and also as the "**privity**" **towards the final judgement** ( *privity of judgement*)and also to the final order of **Execution** and "order of **specific performance**" in the parallel State court action at Vigo county superior court in the case no. 84D02-1704-MI-2768.

4. In support of such judicial facts, Annamalai is invoking the doctrines of Rooker-Feldman, Res judicata and as well as the "full faith and credit act of 28 U.S.C. 1738.

## II.    Arguments

5. The American Bar Association's Code of Professional Responsibility is applicable to the disqualification of attorneys in bankruptcy proceedings. Kraft, Inc. v. Alton Box Board Co., 659 F.2d 1341, 1349 (5th Cir. Unit A Oct. 1981); In re Philadelphia Athletic Club, Inc., 20 Bankr. at 336. See also Ea. Dist. Va. Local R. 105(I), ("the ethical standards relating to the practice of law in this Court shall be the Canons of Professional Ethics of the American Bar Association and the Virginia State Bar. . ."). These standards of ethics are guidelines for professional conduct and must be strictly applied so as to preserve the integrity of the judicial system. Cook Banking Company v. Davis (In re Davis), 40 Bankr. 163, 166 (Bankr. M.D. Ga. 1984).

6. Canon 9 states, "[a] lawyer should avoid even the appearance of professional impropriety." Model Code of Professional Responsibility Canon 9. Courts have recognized that the language of Canon 9 focuses on how those outside of litigation perceive the questioned conduct. See In re Philadelphia Athletic Club, 20 Bankr. at 335 The Eighth Circuit explored the scope of Canon 9 and found it to be extremely broad. The broad injunction of Canon 9 against the "appearance of impropriety" relates to the entire spectrum of lawyer conduct. That no unethical or untoward act may have occurred is implicit in the canon's emphasis on

"appearance." The conduct under scrutiny must therefore be evaluated in an "eye of the beholder" context, and the lawyer must be disqualified when an actual appearance of evil exits, though there be no proof of actual evil. *Fred Weber, Inc. v. Shell Oil Co.*, 566 F.2d 602, 609 (8th Cir. 1988), cert. denied, 436 U.S. 905, 98 S. Ct. 2235, 56 L. Ed. 2d 403 (1978). In *Kraft, Inc.*, 659 F.2d 1341.

7. Bankruptcy Code § 101(14) defines disinterested persons. Under section 101(14) (C) a disinterested person is one who "does not have an interest materially adverse to the interest of the estate or of any class of creditors" for any reason. 11 U.S.C. § 101(14) (C). This definition overlaps with the adverse interest requirement of section 327(a), creating a single test for courts to employ when examining conflicts of interest. *Hogil Pharm. Corp. v. Sapir (In re Innomed Labs, LLC)*, No. 07 Civ. 4778(WCC), 2008 U.S. Dist. LEXIS 7017, 2008 WL 276490, at *2 (S.D.N.Y. Jan.29, 2008) (citing *WorldCom*, 311 B.R. at 164). A professional must not "hold or represent an interest adverse to the estate." See *AroChem*, 176 F.3d at 622-23 (observing that the "adverse interest" language appears in section 327(a) and in the definitions in section 101 regarding disinterested persons and articulating the relevant test as whether an entity "holds or represent[s] an interest adverse to the estate"); *Innomed Labs*, 2008 U.S. Dist. LEXIS 7017, 2008 WL 276490, at *2 (same); see also *In re Granite Partners, L.P.*, 219 B.R. 22, 33 (Bankr. S.D.N.Y.1998) (observing that "the two prongs of section 327(a) are duplicative and form a single test to judge conflicts of interest") (internal citation omitted).

8. The Second Circuit has defined "hold or represent an adverse interest" as (1) to possess or assert any economic interest that would tend to lessen the value of the bankruptcy estate or that would create either an actual or potential dispute in which the estate is a rival claimant; or (2) to possess a predisposition under circumstances that render such a bias against the estate. *AroChem*, 176 F.3d at 623 (quoting *In re Roberts*, 46 B.R. 815, 827 (Bankr. D.Utah 1985), aff'd in part and rev'd in part on other grounds, 75 B.R. 402 (D.Utah 1987)).

9. The phrase "interest adverse to the estate" contained in section 327(a) is not defined in the Bankruptcy Code itself, but a number of bankruptcy courts have approved the following definition. Undefined by the Bankruptcy Code, an "adverse interest" has come to mean either (1) the possession or assertion of any economic interest that would tend to lessen the value of the bankruptcy estate or create an actual or potential dispute with the estate as a rival claimant, or (2) a predisposition of bias against the estate. *In re Granite Partners, LP*, 219 B.R. 22, 33 (Bankr. S.D.N.Y. 1998); accord *In re Mercury*, 280 B.R. 35, 55 (Bankr. S.D.N.Y. 2002); *In re Keller Fin. Servs. of Fla., Inc.*, 243 B.R. 806, 812 (Bankr. M.D. Fla. 1999); *In re C&C Demo, Inc.*, 273 B.R. 502, 505 (Bankr. E.D. Tex. 2001). See generally 3 Collier on Bankruptcy ¶ 327.04[2] [b] at p. 327-34 (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2011).

10. Further, the "term" "actual conflict of interest" is not defined in the bankruptcy code. It is nonetheless sensible to conclude that the ***present conflict of interest is 'actual'*** and warrants disqualification. *Because here, both the attorneys and the debtors Fairbank has been*

*judicially adjudicated as the "account debtors" of the creditor Annamalai at the Indiana court action already.* Here obviously there is an active competition between *two internets* in which one interest can and be served at the expense of the other.

11. It would also hurt the interest of the creditor Annamalai, in case if he wishes to "settle" the controversy between the competing interest parties as noticed herein, which not only lead to further irreparable harms towards creditor Annamalai, whereas the same will unnecessarily drain the scarce judicial resources', which will not be in in the best interest of justice and judicial economy per se.

## III.   Relief Sought

Wherefore Annamalai **prays** the court for an order of disqualification of counsels Ms. Sarah Beckett Boehm, Mr. Douglas M. Foley, and the law firm McGuire woods LLP, from any kinds of further direct and or indirect representation s of the debtor Richard D. Fairbank. Annamalai also prays for any further relief to his favor, which is not expressly sought herein, to do complete justice in Equity.

Respectfully submitted this day of April ___ 2&ᵗʰ ___ 2021

Annamalai Annamalai
P.O.Box-730
Lovejoy, Georgia -30250

## I.   Certificate of service

Annamalai certifies that, this document is caused to be mailed to this court, to the debtor, Richard D. Fairbank @ 1680 capital one drive Mclean, Virginia-22101-3491, Ms. Sarah Beckett Boehm, Mr. Douglas M. Foley, and the law firm McGuire woods LLP, @ Gateway Plaza, 800 east canal Street, Richmond VA-23219, and also office of the U.S. Trustee at 115 South Union Street, Alexandria, Virginia 22314, via first class mail, postage being prepaid.

Executed on: April 2&ᵗʰ 2021.

Annamalai Annamalai
P.O.Box-730; Lovejoy, Georgia -30250

## II.      Certification

I, Annamalai Annamalai declare under penalty of perjury that:

(1)  No attorney has prepared, or assisted in the preparation of this document.

Annamalai Annamalai

_____
Name of the Pro se party

_____
Signature of the pro se party

Executed on: April ____, 2021.

### VIII. Affidavit of Annamalai Annamalai

**STATES OF GEORGIA**

**COUNTY OF CLAYTON**

COMES NOW, Annamalai Annamalai, under **OATH**, and does **SWEAR** and **AFFIRM** as follows.

1.  I am the age of 55, and competent to testify to the matters set forth herein.
2.  I state that, I have either personal knowledge and/or first-hand knowledge of the matters set forth in my complaint as attached herewith. All the matters as set forth are true, except as to matters as stated on information and belief and as to those, I believe them be true.
3.  The enclosed **Evidences** with the underlying motion are of **true copies** of the record, to which I have personal knowledge.

**FURTHER AFFIANT SAYETH NAUGHT.**

_____
Annamalai Annamalai
**Affiant**

Sworn to and subscribed before me

this ____ day of April, 2021.

_____
[Notary public]

JAN M. CASH
NOTARY
EXPIRES
GEORGIA
APR 3, 2020
PUBLIC
CLAYTON COUNTY

**SEAL**

COVID 19

Annamalai Annamalai
AKA: Swamiji Sri Selvam Siddhar
**Permanent address**:
C/O A. Parvathi, Hariharan & co
243 Oppanakkara Street;
Coimbatore-641001-INDIA
E--mail: avtemple@aol.com
**Temporary mailing address:**
C/O Robert a Deyton Detention facility
11866 Hastings Bridge road,
P.O.Box-730; Lovejoy Georgia-30250

RECEIVED

APR 3 0 2021

ALEXANDRIA DIVISION
US BANKRUPTCY COURT

# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA

**In re:**

**Richard D. Fairbank**                        **Case no: 16-1258 -BFK**

**Debtor.**                                     **Adversary case no.** _____

"**Respectfully submitted to:**

**Honorable Brian F. Kenney**
**United States Bankruptcy Judge**

## Plaintiff Annamalai's "NOTICE" of conflict of interest, and an advance "Motion" for "disqualification" of certain counsels to represent the debtor Mr. Richard d Fairbank, in the interest of justice

### I.      Judicially adjudicated facts

Annamalai, the creditor respectfully moves and notices the court with the following maters to disqualify the attorneys, **Ms. Sarah Beckett Boehm , Mr. Douglas M. Foley, and the law firm, McGuire woods LLP, and their "proxy(s)"**, in any kinds of *further representations'* of the

debtor either directly and or indirectly. In support of the same the creditor Annamalai humbly demonstrate as follows.

1. The debtor Fairbank was initially represented by, Ms. Sarah Beckett Boehm, Mr. Douglas M. Foley, and the law firm McGuire woods LLP in this action.( collectively known as "*attorneys*")

2. In the past those *attorneys* were, successfully "misguided" this court, by using Annamalai's incarcerated condition, and took advantage of such position, and patently misguide this court to get undue advantage of the law to injure the creditor Annamalai.

3. At the present time, the above stated attorneys and the law firm are in fact has been judicially adjudicated as the "**account debtors**" of creditor Annamalai and also as the "**privity**" **towards the final judgement** ( *privity of judgement*)and also to the final order of **Execution** and "order of **specific performance**" in the parallel State court action at Vigo county superior court in the case no. 84D02-1704-MI-2768.

4. In support of such judicial facts, Annamalai is invoking the doctrines of Rooker-Feldman, Res judicata and as well as the "full faith and credit act of 28 U.S.C. 1738.

## II.  Arguments

5. The American Bar Association's Code of Professional Responsibility is applicable to the disqualification of attorneys in bankruptcy proceedings. Kraft, Inc. v. Alton Box Board Co., 659 F.2d 1341, 1349 (5th Cir. Unit A Oct. 1981); In re Philadelphia Athletic Club, Inc., 20 Bankr. at 336. See also Ea. Dist. Va. Local R. 105(I), ("the ethical standards relating to the practice of law in this Court shall be the Canons of Professional Ethics of the American Bar Association and the Virginia State Bar. . ."). These standards of ethics are guidelines for professional conduct and must be strictly applied so as to preserve the integrity of the judicial system. Cook Banking Company v. Davis (In re Davis), 40 Bankr. 163, 166 (Bankr. M.D. Ga. 1984).

6. Canon 9 states, "[a] lawyer should avoid even the appearance of professional impropriety." Model Code of Professional Responsibility Canon 9. Courts have recognized that the language of Canon 9 focuses on how those outside of litigation perceive the questioned conduct. See In re Philadelphia Athletic Club, 20 Bankr. at 335 The Eighth Circuit explored the scope of Canon 9 and found it to be extremely broad. The broad injunction of Canon 9 against the "appearance of impropriety" relates to the entire spectrum of lawyer conduct. That no unethical or untoward act may have occurred is implicit in the canon's emphasis on

"appearance." The conduct under scrutiny must therefore be evaluated in an "eye of the beholder" context, and the lawyer must be disqualified when an actual appearance of evil exits, though there be no proof of actual evil. Fred Weber, Inc. v. Shell Oil Co., 566 F.2d 602, 609 (8th Cir. 1988), cert. denied, 436 U.S. 905, 98 S. Ct. 2235, 56 L. Ed. 2d 403 (1978). In Kraft, Inc., 659 F.2d 1341.

7. Bankruptcy Code § 101(14) defines disinterested persons. Under section 101(14) (C) a disinterested person is one who "does not have an interest materially adverse to the interest of the estate or of any class of creditors" for any reason. 11 U.S.C. § 101(14) (C). This definition overlaps with the adverse interest requirement of section 327(a), creating a single test for courts to employ when examining conflicts of interest. Hogil Pharm. Corp. v. Sapir (In re Innomed Labs, LLC), No. 07 Civ. 4778(WCC), 2008 U.S. Dist. LEXIS 7017, 2008 WL 276490, at *2 (S.D.N.Y. Jan.29, 2008) (citing WorldCom, 311 B.R. at 164). A professional must not "hold or represent an interest adverse to the estate." See AroChem, 176 F.3d at 622-23 (observing that the "adverse interest" language appears in section 327(a) and in the definitions in section 101 regarding disinterested persons and articulating the relevant test as whether an entity "holds or represent[s] an interest adverse to the estate"); Innomed Labs, 2008 U.S. Dist. LEXIS 7017, 2008 WL 276490, at *2 (same); see also In re Granite Partners, L.P., 219 B.R. 22, 33 (Bankr. S.D.N.Y.1998) (observing that "the two prongs of section 327(a) are duplicative and form a single test to judge conflicts of interest") (internal citation omitted).

8. The Second Circuit has defined "hold or represent an adverse interest" as (1) to possess or assert any economic interest that would tend to lessen the value of the bankruptcy estate or that would create either an actual or potential dispute in which the estate is a rival claimant; or (2) to possess a predisposition under circumstances that render such a bias against the estate. AroChem, 176 F.3d at 623 (quoting In re Roberts, 46 B.R. 815, 827 (Bankr. D.Utah 1985), aff'd in part and rev'd in part on other grounds, 75 B.R. 402 (D.Utah 1987)).

9. The phrase "interest adverse to the estate" contained in section 327(a) is not defined in the Bankruptcy Code itself, but a number of bankruptcy courts have approved the following definition. Undefined by the Bankruptcy Code, an "adverse interest" has come to mean either (1) the possession or assertion of any economic interest that would tend to lessen the value of the bankruptcy estate or create an actual or potential dispute with the estate as a rival claimant, or (2) a predisposition of bias against the estate. In re Granite Partners, LP, 219 B.R. 22, 33 (Bankr. S.D.N.Y. 1998); accord In re Mercury, 280 B.R. 35, 55 (Bankr. S.D.N.Y. 2002); In re Keller Fin. Servs. of Fla., Inc., 243 B.R. 806, 812 (Bankr. M.D. Fla. 1999); In re C&C Demo, Inc., 273 B.R. 502, 505 (Bankr. E.D. Tex. 2001). See generally 3 Collier on Bankruptcy ¶ 327.04[2] [b] at p. 327-34 (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2011).

10. Further, the "term" "actual conflict of interest" is not defined in the bankruptcy code. It is nonetheless sensible to conclude that the **_present conflict of interest is 'actual'_** and warrants disqualification. _Because here, both the attorneys and the debtors Fairbank has been_

*judicially adjudicated as the "account debtors" of the creditor Annamalai at the Indiana court action already.* Here obviously there is an active competition between *two internets* in which one interest can and be served at the expense of the other.

11. It would also hurt the interest of the creditor Annamalai, in case if he wishes to "settle" the controversy between the competing interest parties as noticed herein, which not only lead to further irreparable harms towards creditor Annamalai, whereas the same will unnecessarily drain the scarce judicial resources', which will not be in in the best interest of justice and judicial economy per se.

## III.   **Relief Sought**

Wherefore Annamalai **prays** the court for an order of disqualification of counsels Ms. Sarah Beckett Boehm, Mr. Douglas M. Foley, and the law firm McGuire woods LLP, from any kinds of further direct and or indirect representation s of the debtor Richard D. Fairbank. Annamalai also prays for any further relief to his favor, which is not expressly sought herein, to do complete justice in Equity.

Respectfully submitted this day of April __2 8 th__ 2021

Annamalai Annamalai
P.O.Box-730
Lovejoy, Georgia -30250

## I.     **Certificate of service**

Annamalai certifies that, this document is caused to be mailed to this court, to the debtor, Richard D. Fairbank @ 1680 capital one drive Mclean, Virginia-22101-3491, Ms. Sarah Beckett Boehm, Mr. Douglas M. Foley, and the law firm McGuire woods LLP, @ Gateway Plaza, 800 east canal Street, Richmond VA-23219, and also office of the U.S. Trustee at 115 South Union Street, Alexandria, Virginia 22314, via first class mail, postage being prepaid.

Executed on: April __2 8 th__ 2021.

Annamalai Annamalai
P.O.Box-730; Lovejoy, Georgia -30250

## II.      Certification

I, Annamalai Annamalai declare under penalty of perjury that:

(1)  No attorney has prepared, or assisted in the preparation of this document.

Annamalai Annamalai

_____
Name of the Pro se party

_____
Signature of the pro se party

Executed on: April ___∠ ٥___ , 2021.

### VIII. Affidavit of Annamalai Annamalai

**STATES OF GEORGIA**

**COUNTY OF CLAYTON**

COMES NOW, Annamalai Annamalai, under **OATH**, and does **SWEAR** and **AFFIRM** as follows.

1.  I am the age of 55, and competent to testify to the matters set forth herein.
2.  I state that, I have either personal knowledge and/or first-hand knowledge of the matters set forth in my complaint as attached herewith. All the matters as set forth are true, except as to matters as stated on information and belief and as to those, I believe them be true.
3.  The enclosed **Evidences** with the underlying motion are of **true copies** of the record, to which I have personal knowledge.

**FURTHER AFFIANT SAYETH NAUGHT.**

_____
Annamalai Annamalai
Affiant

Sworn to and subscribed before me

this ___28___ day of April, 2021.

_____
[Notary public]

SEAL

Covid 19

Page 5 of 5



c/o Robert A. Deyton Detention Center
11866 Hastings bridge Road
P.O. Box - 730
LoveJoy, GA - 30250

30 APR 2021 PM 9 L

USA FOREVER

Att: Honorable Brian F. Kenney
United States Bankruptcy Judge
Judge Kenney's Chambers
200 South Washington Street
Alexandria
Virginia — 22314

22314-540500

Annamalai Annamalai
c/o Robert A. Deyton Detention Facility
11866 Hastings bridge Road
P o Box - 730
Loveloy, Georgia - 30250

USA FOREVER

The clerk of Court
United States Bankruptcy Court
200 South Washington Street
Alexandria
Virginia — 22314

22314-540500